## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Francis Pierre** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No.: 1:16-cv-00683** |
| ) | |
| ) | |
| ) | |
| **Winn Managed Properties, LLC, et al.** ) | |
| ) | |
| ) | |
| **Defendant.** ) | |

## DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED

COMES NOW, the Defendant, by and through its counsel, Timothy P. Cole, and the law firm of Cole, Goodson, & Associates, LLC and moves to dismiss Plaintiff's Complaint and for reasons in support thereof invites the Court's attention to the attached Memorandum of Points & Authorities in Support of Defendant's Motion to Dismiss.

WHEREFORE, the Defendant respectfully demands:

A.      That Plaintiff's Complaint be dismissed, and

B.      That this court provide for such other relief that as to it may seem just and proper.

Respectfully submitted;

**COLE, GOODSON & ASSOC., LLC**

_____/s/  Timothy P. Cole_____
Timothy P. Cole, #464644
4360 East West Highway, Suite 1150
Bethesda, MD 20814
(240) 744-7220
tcole@kcg-law.com
*Counsel for Defendant*

# POINTS & AUTHORITIES

DC Rule 12(b)(6)

DC ST§42-3505.02

*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (U.S., 2009)

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (U.S., 2007)

*Javins v. First Nat'l Realty Corp,* 428 F.2d 1071, 1075 (D.C.Cir.1970)

*Management Partnership Inc. v. Crumlin*, 423 A.2d 939, 941 (D.C.1980)

*Hawkins v. Greenfield*, 797 F. Supp 30 (D.C.Cir.1992)

*Larijani v. Georgetown Univ*., 791 A.2d 41, 42 (D.C. 2002)

*Exxon Shipping Co. v. Baker,* 554 U.S. 471, 492, 128 S.Ct. 2605, 171 L.Ed.2d 570 (2008)

*Rogers v. Ingersoll–Rand Company,* 971 F.Supp. 4, 12 (D.D.C.1997).

*Arthur Young & Co. v. Sutherland,* 631 A.2d 354, 372 (D.C.1993).

_____/s/ Timothy P. Cole_____
Timothy P. Cole, #464644

.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **Francis Pierre** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )    **Case No.: 1:16-cv-00683** |
| | ) |
| | ) |
| | ) |
| **Winn Managed Properties, LLC, et al.** | ) |
| | ) |
| | ) |
| **Defendant.** | ) |

**MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT**
**OF DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM FOR**
**WHICH RELIEF CAN BE GRANTED**

**FACTUAL BACKGROUND**

The Defendant manages and operates the property in which Plaintiff resides known as

4201 4th St., S.E., #5, Washington, DC 20032 ("the Premises"). The Plaintiff occupied the

Premises pursuant to a written lease agreement with the Defendant.  In January of 2015,

Defendant filed suit against Plaintiff for non-payment of rent in case no. 2015 LTB 001504. Both

parties came to an agreement on in the above mentioned case on March 27, 2015, with the

Plaintiff never raising any issues related to his utility allowance. The Plaintiff now brings this

suit a year after the above referenced settlement agreement arguing that "a few years ago" he

learned that his utility allowance was been improperly calculated, complained to management,

and nothing was done. Before the filing of this suit, the Plaintiff did not raise the issue of his

utility allowance with opposing counsel, even though he has been sued for non-payment of rent

on three different occasions since 2012.

# LEGAL ARGUMENT

## Standard for evaluation of Rule 12(b)(6) motion.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (U.S. 2007).

The United States Supreme Court summarized the analytical framework that a court should use in evaluating a Rule 12(b)(6) motion: "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (U.S., 2009). "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Bell Atlantic Corp. at* 555.

## I.     PLAINTIFF'S CLAIMS ARE GOVERNED BY A THREE YEAR STATUTE OF LIMITATIONS AND THEREFORE HIS CLAIM OF DAMAGES FROM 2003 TO PRESENT IS OUTSIDE THE LIMITATION PERIOD.

A tenant's claim for damages is limited in all forums by the three-year statute of limitations. D.C. Code 1981, § 12–301(7). Under District of Columbia law, leases for urban dwelling units are governed by contract law. *Javins v. First Nat'l Realty Corp.,* 428 F.2d 1071, 1075 (D.C.Cir.1970)*; Management Partnership Inc. v. Crumlin*, 423 A.2d 939, 941 (D.C.1980).

The statute of limitations for an express or implied contract is three years. D.C.Code § 12–301(7). Plaintiff's claims for breach of contract, breach of warranty, and negligence are limited to the events that occurred within the three years of the commencement of this action. *Hawkins v. Greenfield*, 797 F. Supp 30 (D.C.Cir.1992). Therefore, Plaintiff's argument that he is owed damages from 2003 to present day does not stand under established law and should be dismissed as outside the statute of limitations.

## II.     PLAINTIFF HAS NOT STATED SUFFICIENT EVIDENCE TO WHICH A CLAIM CAN BE BASED.

Plaintiff seeks treble damages in the amount of $45,864.00 for the alleged mishandling of his utility allowance, yet offers no explanation as to why he believes he was given less of this allowance than he was entitled. Plaintiff's conclusory allegations that Defendant is responsible for $45,864.00 in unpaid utility allowance are based solely on Plaintiff's opinion, and include no evidence upon which his opinions are based. "A complaint may be dismissed for failure to state a claim upon which relief may be granted only where it appears beyond doubt that plaintiff can prove no set of facts in support of her claim which would entitle her to relief." *Larijani v. Georgetown Univ.*, 791 A.2d 41, 42 (D.C. 2002).

Plaintiff fails to state a claim upon which relief can be granted because there are no facts alleged showing the Defendants committed breach of contract, breach of warranty, and negligence. Instead of establishing a factual basis for his allegations, Plaintiff argues in conclusory statements, often repeating the phrase "Defendant breached the agreement when they added the "Utility Allowance" of the agreement to the Plaintiff's rent" as the justification of his complaint. Under count three, Plaintiff varies from his often repeated statement, and states "Defendant breached the duty of care owed Plaintiff by not inspecting correctly and rigorously the books of Defendants", yet once again fails to establish how he reached that conclusion. Plaintiff's entire claim is

predicated on the theory that he is entitled to monetary and punitive damages because the direct and proximate actions of Winn Managed Properties injured him financially and emotionally. Clearly, these allegations are meritless, as Plaintiff gives no evidence as to how Winn Managed Properties breached any duty or was negligent.

### III.    PLAINTIFF'S ARGUMENT FOR PUNITIVE DAMAGES IS MERITLESS AND DOES NOT INCLUDE ANY EVIDENCE SHOWING THE DEFENDANT ACTED WITH EVIL MOTIVE OR ACTUAL MALICE.

Punitive damages are designed to punish and deter harmful conduct. *Exxon Shipping Co. v. Baker,* 554 U.S. 471, 492, 128 S.Ct. 2605, 171 L.Ed.2d 570 (2008). Under District of Columbia law, "[p]unitive damages are properly awarded where the act of the defendant is accompanied by fraud, ill will, recklessness, wantonness, oppressiveness, willful disregard of the plaintiff's rights, or other circumstances tending to aggravate the injury." *Rogers v. Ingersoll–Rand Company,* 971 F.Supp. 4, 12 (D.D.C.1997). Put another way, to be awarded punitive damages, "[a] showing of evil motive or actual malice is ... required." *Arthur Young & Co. v. Sutherland,* 631 A.2d 354, 372 (D.C.1993). "Proof of these elements may be inferred from the acts of the defendant and from circumstantial evidence." *Rogers,* 971 F.Supp. at 12.

Plaintiff asks this court for punitive damages in the amount of $571,000,000, but does not provide evidence of evil motive or actual malice on behalf of the Defendant. Instead, Plaintiff states "so that they know they cannot keep on fleecing the taxpayers without paying for it" as the sole reason why he deserves punitive damages. The Plaintiff cannot show fraud, ill will, recklessness, wantonness, oppressiveness, or a willful disregard of his rights and therefore his claim for punitive damages is meritless and should be dismissed.

**Conclusion**

For the reasons set forth herein, the Defendant submits that the Plaintiff has failed to state a cause of action for which relief can be granted.  Pursuant to Rule 12(b)(6) the Defendant moves that this case be dismissed.

Respectfully submitted;

**COLE, GOODSON & ASSOC., LLC**

_____/s/  Timothy P. Cole_____
Timothy P. Cole, #464644
4350 East West Highway, Suite 1150
Bethesda, MD 20814
(240) 744-7220
tcole@kcg-law.com
*Counsel for Defendant*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Francis Pierre** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )    **Case No.: 1:16-cv-00683** |
| | ) |
| | ) |
| | ) |
| **Winn Managed Properties, LLC, et al.** | ) |
| | ) |
| | ) |
| **Defendant.** | ) |

## <u>ORDER</u>

UPON CONSIDERATION of the Defendant's Motion to Dismiss, any opposition thereto, and the record herein,  it is by the Superior Court of the District of Columbia this day of _____, 2016, hereby,

ORDERED, that the Defendant's motion is GRANTED; and it is further,

ORDERED, that the Plaintiff's Complaint in hereby dismissed.


_____
JUDGE COLLEEN KOLLAR-KOTELLY
United States District Court
For the District of Columbia

Copies to:

Timothy Cole, Esquire
Cole, Goodson & Assoc., LLC
4350 East West Highway, Suite 1150
Bethesda, MD 20814
Counsel for Defendant

Francis Pierre
4201 4th St. SE #5
Washington, DC 20032