UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **Francis Pierre,** | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 16-0683-CKK |
| | : | |
| **Winn Managed** | : | |
| **Properties, LLC** *et al.*, | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM OPINION**

Proceeding without counsel, plaintiff has sued the United States Department of Housing and Urban Development ("HUD") and a property management company from which he leases an apartment under the federal public housing program commonly referred to as Section 8 housing. *See* Compl. ¶ 8; 42 U.S.C. § 1437f ("Low-income housing assistance"). Plaintiff seeks money damages exceeding $571 million for breach of contract, breach of warranty and negligence. *See* Compl. at 5-8. Pending before the Court are HUD's motion to dismiss [Dkt. 7] and the property management defendants' motion to dismiss [Dkt. 8].[1]

On July 12, 2016, the Court informed plaintiff about his obligation to respond to each motion by September 6, 2016, and the potential consequence of dismissal if he did not respond. *See* Order [Dkt. 9]. The deadline was extended, at plaintiff's request, to October 31, 2016. *See* Aug. 31, 2016 Min. Order. Plaintiff has not complied with either order, and he has not sought additional time to comply. For the reasons summarized below, the Court will grant each motion and dismiss the complaint without prejudice.

---

[1] The latter motion to dismiss is brought on behalf of named defendants Winn Managed Properties, LLC, and Southern Hills L.P. *See* Counsel's Errata [Dkt. 12].

**1. HUD's Motion to Dismiss**

HUD argues, among other grounds for dismissal, that the complaint is barred by sovereign immunity. *See* Def.'s Mem. of P. & A. at 7-9. Under the doctrine of sovereign immunity, "the United States may not be sued without its consent and . . . the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). Such consent may not be implied; it must be "unequivocally expressed in statutory text." *Lane v. Pena*, 518 U.S. 187, 192 (1996).

The burden of proving that the Court has subject matter jurisdiction lies with the plaintiff, even if he is acting *pro se*. *Woodyard v. Harper*, 162 F. Supp. 3d 3, 6 (D.D.C. 2016). By not responding in any way to the motion, plaintiff has conceded HUD's valid jurisdictional argument. *See* July 12, 2016 Order at 1 (citing *Hopkins v. Women's Div., General Bd. of Global Ministries*, 284 F. Supp. 2d 15, 25 (D.D.C. 2003), *aff'd*, 98 Fed. Appx. 8 (D.C. Cir. 2004)). "As courts of limited jurisdiction, federal courts must assure themselves of jurisdiction over any controversy they hear." *Woodyard*, 162 F. Supp. 3d at 6. And when jurisdiction is lacking, "the court [can] no more rule in favor of the government than against it." *Simpkins v. D.C. Gov't*, 108 F.3d 366, 371 (D.C. Cir. 1997). Accordingly, the claims against HUD will be dismissed under Fed. R. Civ. P. 12(b)(1) for want of subject matter jurisdiction.

**2. Property Managers' Motion to Dismiss**

The property management defendants contend first that plaintiff's claim for "damages from 2003 to present day" is barred by the District's three-year statute of limitations. Mem. of P. & A. at 4-5 [Dkt. 8] (citing D.C. Code § 12-301(7)). But plaintiff alleges in the complaint filed on April 12, 2016, that "a few years ago, in the beginning of his lease," he "realized that his 'Utility Reimbursements' were not right to his estimation," and he complained to management in

writing. Compl. ¶ 10. In "[e]ither late 2013 or early 2014, [plaintiff] realized, finally . . . [that] Management was adding the amount of his 'Utility Allowance' as . . . part of his rent." *Id*. Accepting plaintiff's allegations as true, as the Court must at this stage of litigation, the complaint appears to have been filed within three years of plaintiff's alleged discovery of wrongdoing; therefore, the Court cannot grant defendant's motion on statute of limitations grounds. *See Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996) (reiterating that "because statute of limitations issues often depend on contested questions of fact, dismissal is appropriate only if the complaint on its face is conclusively time-barred") (citing *Richards v. Mileski*, 662 F.2d 65, 73 (D.C. Cir. 1981)); *see accord Hagan v. United States*, --- F. Supp. 3d ---, ---, 2016 WL 3688426, at *3 (D.D.C. July 7, 2016) (denying motion to dismiss where "the Court [could not] conclude based on the face of the complaint alone that the applicable statute of limitations bars the claims in this case").

The property management defendants contend next that plaintiff's conclusory allegations that he is entitled to more than $45,000 in unpaid utility allowances fail to state a claim upon which relief can be granted. *See* Mem. of P. & A. at 5-6. Plaintiff has not responded to this argument by clarifying his claim with actual facts, and a pleading, such as presented here, that merely offers " 'labels and conclusions[,] . . . a 'formulaic recitation of the elements of a cause of action' . . . [or] 'naked assertions devoid of further factual enhancement' " cannot withstand a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations and alterations

omitted). Accordingly, the claims against the property management defendants will be dismissed under Rule 12(b)(6).[2]

          _____s/s_____
          COLLEEN KOLLAR-KOTELLY
DATED: December 14, 2016          United States District Judge

---

[2] A separate order accompanies this Memorandum Opinion.